CALEB S. BENEDICT *v.* WILLIAM H. WILLIAMS and another.

The exception that a suit is premature, is a dilatory one, which must be pleaded *in limine litis.* It is too late after a judgment by default.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Benjamin*, for the plaintiff.

*Horner*, for the appellants.

MARTIN, J. The defendants resisted the plaintiff's claim on an allegation that there was, and for two or three years had been, an understanding between the plaintiff and themselves, by which the obligations of the latter to the former maturing in New Orleans, were regularly renewed for three months, the usual bank interest being added, and without the payment of any curtailment, the renewals being met in full at maturity ; that, according to this agreement, they offered to the plaintiff, at the maturity of the claim sued on, a renewal thereof, which was refused. A judgment had been taken by default, before the answer, setting up the above defence, was filed. The plaintiff's conscience was endeavored to be probed by interrogatories which he forbore to answer. There was judgment for him, and the defendants appealed. There is very little difference between this case, and that of the same plaintiff against Stow and another, just decided. In that the defendants had actually renewed their original obligations, on which the suit was brought. In this, the defendants urged that they were not bound to pay their original obligations, in consequence of the agreement which existed between the plaintiff and them, that they should be novated. It appears to us that

the difference is material. The defendants were entitled to a delay of payment on paying bank interest for three months. Had the present suit been delayed until the expiration of that period, the delay would have been had with the payment of legal interest only. Their only complaint is, that the present suit places them prematurely in the situation in which the plaintiff might have fairly placed them thereafter. In other words, that the suit is premature. This circumstance afforded them a dilatory exception, which might have been successfully urged, *in limine litis*, but which cannot avail after a judgment by default.

*Judgment affirmed.*